Craig A. Houghton  #090542
  choughton@bakermanock.com
Dirk Paloutzian  #173676
  dpaloutzian@bakermanock.com
BAKER MANOCK & JENSEN, PC
5260 North Palm Avenue, Suite 201
Fresno, California 93704
Telephone: 559-432-5400
Facsimile: 559-432-5620

Attorneys for  Plaintiff STEPHEN A. SMITH, as Special
                       Administrator of the ESTATE OF SHARLEEN G.
                       ROBSON (DECEASED) and as Special
                       Administrator of the ESTATE OF ROBERT W.
                       ROBSON (DECEASED)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

|  |  |
|---|---|
| STEPHEN A. SMITH, as Special Administrator of the ESTATE OF SHARLEEN G. ROBSON (DECEASED), and as Special Administrator of the ESTATE OF ROBERT W. ROBSON (DECEASED), <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, the DEPARTMENT OF TREASURY by its agency, the INTERNAL REVENUE SERVICE, <br><br> Defendants. | CASE No. <br><br> **COMPLAINT FOR REFUND OF TAX** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, STEPHEN A. SMITH (aka Steve A. Smith), as Special Administrator of the ESTATE OF SHARLEEN G. ROBSON (DECEASED) and as Special Administrator of the ESTATE OF ROBERT W. ROBSON (DECEASED), (hereinafter collectively referred to as the "Plaintiff Stephen A. Smith"), hereby files this Complaint for Refund of Tax and alleges as follows:

# I. JURISDICTION AND VENUE

1.  This is an action arising under the internal revenue laws of the United States for the recovery of Federal income taxes paid by Robert W. Robson (Deceased 09/26/2015) and Sharleen G. Robson (Deceased 02/19/2019), (hereinafter sometimes collectively referred to as the "Taxpayers"), for the taxable year ended December 31, 2015.

2.  Plaintiff Stephen A. Smith is a citizen of the United States and resides at 14648 Morgan Canyon Road, Prather, California  93651.  Plaintiff Stephen A. Smith is the Special Administrator of the Estate of Sharleen G. Robson (Deceased), appointed under letters of administration issued by the Probate Division of the Superior Court of the State of California, County of Merced, on August 15, 2022.  A true and correct copy of such letters of special administration, certified by the Clerk of the Superior Court of the State of California, County of Merced, is attached hereto as Exhibit A and incorporated by this reference as though fully set forth herein.  Plaintiff Stephen A. Smith is also the Special Administrator of the Estate of Robert W. Robson (Deceased), appointed under letters of special administration issued by the Probate Division of the Superior Court of the State of California, County of Merced, on August 15, 2022.  A true and correct copy of such letters of administration, certified by the Clerk of the Superior Court of the State of California, County of Merced, is attached hereto as Exhibit B and incorporated by this reference as though fully set forth herein.

3.  Defendants are the United States of America, its Department of Treasury, and its agency, the Internal Revenue Service (hereinafter collectively referred to as the "Defendants").

4.  The District Court for the Eastern District of California has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7422, and 28 U.S.C. § 1346(a)(1).

5.  On or about February 29, 2016, Sharleen G. Robson timely e-filed a joint U.S. Individual Income Tax Return (Form 1040) for Robert W. Robson

1  (Deceased 09/26/2015) and Sharleen G. Robson for the taxable year ended

2  December 31, 2015, (hereinafter referred to as the "Original 2015 Form 1040") with

3  Defendant Internal Revenue Service and paid $1,167,324.00, the Federal income tax

4  for such taxable year shown as due on the Original 2015 Form 1040, to Defendant

5  Internal Revenue Service.

6      6.  On or about August 16, 2019, Plaintiff Stephen A. Smith timely

7  filed with Defendant Internal Revenue Service:

8          (i) an Amended U.S. Individual Income Tax Return (Form

9      1040X) for the Taxpayers for the taxable year ended December 31, 2015,

10     (hereinafter referred to as the "2015 Form 1040X"), together with a copy of

11     an As Amended 2015 U.S. Individual Federal Income Tax Return (Form

12     1040) attached thereto (hereinafter individually referred to as the "As

13     Amended 2015 Form 1040" and, collectively with the 2015 Form 1040X, as

14     the "2015 Form 1040X/Claim for Refund"), claiming an overpayment of

15     Federal income tax of $283,347.00 for the taxable year ended December 31,

16     2015, pursuant to 26 U.S.C. §§ 6402(a), 6511(a), and 6511(d)(2)(A) and

17     Treasury Regulations §§ 301.6402-1, 301.6402-2, and 301.6402-3(a)(2), a

18     copy of which is attached hereto as Exhibit C (redacted pursuant to Fed. R.

19     Civ. P. 5.2(a); Eastern District of California Local Rule 140(a)), and

20         (ii) a Statement of Person Claiming Refund Due a Deceased

21     Person (Form 1310) for Robert W. Robson (as the Decedent) for the taxable

22     year ended December 31, 2015, (hereinafter referred to as the "2015 Form

23     1310"), a copy of which is attached hereto as Exhibit D (redacted pursuant to

24     Fed. R. Civ. P. 5.2(a); Eastern District of California Local Rule 140(a)) and

25     incorporated by this reference as though fully set forth herein.

26  Each and every statement contained in the 2015 Form 1040X/Claim for Refund is

27  incorporated by this reference as though fully set forth herein.

28      7.  On or after August 17, 2020, Defendant Internal Revenue Service

sent by certified mail a LTR 105C to Robert Decd & Sharleen Decd Robson, c/o Steve A Smith TTEE, 2509 W Shaw Ave, Fresno, CA 93711, that disallowed the Taxpayers' "claim for credit [sic]" in the amount of $63,440.00 [sic] for the taxable year ended December 31, 2015, stating "[w]e can't allow your claim for the $63,440.00 farm loss reported on line 18 of your amended Form 1040" for the taxable year ended December 31, 2015, apparently as set forth in the As Amended 2015 Form 1040, (hereinafter referred to as the "First Notice of Claim Disallowance"), a copy of which is attached hereto as Exhibit E (redacted pursuant to Fed. R. Civ. P. 5.2(a); Eastern District of California Local Rule 140(a)) and incorporated by this reference as though fully set forth herein.  The First Notice of Claim Disallowance erroneously states that the "[d]ate of claims received" was March 21, 2020.

8.  On or after October 20, 2020, Defendant Internal Revenue Service sent by certified mail a LTR 105C to Sharleen G Robson, c/o Steve A Smith TTEE, 2509 W Shaw Ave, Fresno, CA 93711-3308, that disallowed Sharleen G. Robson's "claim for credit [sic]" in the amount of $283,347.00 for the Taxpayers for the taxable year ended December 31, 2015, as set forth in the 2015 Form 1040X/Claim for Refund, (hereinafter referred to as the "Second Notice of Claim Disallowance"), a copy of which is attached hereto as Exhibit F (redacted pursuant to Fed. R. Civ. P. 5.2(a); Eastern District of California Local Rule 140(a)) and incorporated by this reference as though fully set forth herein.  The Second Notice of Claim Disallowance erroneously states that the "[d]ate of claims received" was March 21, 2020.

9.  Plaintiff Stephen A. Smith alleges that a substantial part of the events or omissions giving rise to the refund claim set forth in the 2015 Form 1040X/Claim for Refund occurred in the Eastern District of California.  Venue is thus appropriately placed in the Eastern District of California pursuant to 28 U.S.C. §§ 1391 and 1402.

10.  Six (6) months have elapsed since Plaintiff Stephen A. Smith filed the 2015 Form 1040X/Claim for Refund, and it is less than two (2) years since the refunds claimed in the 2015 Form 1040X/Claim for Refund were disallowed on or after August 17, 2020, per the First Notice of Claim Disallowance, and on or after October 20, 2020, per the Second Notice of Claim Disallowance.  Accordingly, pursuant to 26 U.S.C. §§ 6532 and 7422, the conditions precedent to commence this refund action have been satisfied.  Therefore, Plaintiff Stephen A. Smith hereby exercises his right, as the Special Administrator for the Estate of Robert W. Robson (Deceased) and as the Special Administrator for the Estate of Sharleen G. Robson (Deceased), under 26 U.S.C. §§ 7402(a) and 7422 and 28 U.S.C. §§ 1346(a)(1) and 2402 to bring this civil action against the Defendants for the recovery of an internal revenue tax erroneously assessed and collected for the taxable year ended December 31, 2015.

## II.  BACKGROUND

11.  As previously alleged, Robert G. Robson died on or about September 26, 2015.  As a result, the adjusted basis of certain property held by Robert W. Robson (including, without limitation, Robert W. Robson's one-half share of all community property held by Robert W. Robson and Sharleen G. Robson, his surviving spouse, under the laws of the State of California and includible in determining the value of Robert W. Robson's gross estate under 26 U.S.C. §§ 2031, *et seq*.) acquired by the Estate of Robert W. Robson (Deceased) increased to its fair market value as of the date of Robert W. Robson's death under 26 U.S.C. § 1014(a)(1).  In addition, as a result, the adjusted basis of Sharleen G. Robson's one-half share of all community property held by Robert W. Robson and Sharleen G. Robson under the laws of the State of California and includible in determining the value of Robert W. Robson's gross estate under 26 U.S.C. §§ 2031, *et seq*., increased to its fair market value as of the date of Robert W. Robson's death under Treasury Regulations § 1.1014-2(a)(5) .

12. As a result of the increase in the adjusted basis of the property described in paragraph 11 of this Complaint, Robert W. Robson (Deceased 09/26/2015) and Sharleen G. Robson were entitled to claim addition deductions for depreciation with regard to certain property used by them in their farming business during the taxable year ended December 31, 2015.

13. Due to an error by the accountants for Sharleen G. Robson and Robert W. Robson (prior to his death), (hereinafter referred to as the "Taxpayers' Accountants"), Robert W. Robson (Deceased 09/26/2015) and Sharleen G. Robson failed to claim $63,440.00 of the additional deductions for depreciation with regard to certain property used by them in their farming business during the taxable year ended December 31, 2015, described in paragraph 12 of this Complaint, in the Original 2015 Form 1040.

14. In order to correct the error described in paragraph 13 of this Complaint, Plaintiff Stephen A. Smith, on behalf of Sharleen G. Robson (Deceased 02/19/2019), claimed an additional deduction for depreciation of $63,440.00 in Part II, Line 16 – Other depreciation (including ACRS), of the 2015 Form 4562 and in Part II, Line 14 – Depreciation and section 179 expense, of the 2015 Schedule F of the As Amended 2015 Form 1040, reducing Robert W. Robson (Deceased 09/26/2015) and Sharleen G. Robson's net farm profit for the taxable year ended December 31, 2015, to $1,094,834.00, as reported on Line 34 of the Schedule F and on Line 18 of the As Amended 2015 Form 1040.

15. On or about October 15, 2018, Sharleen G. Robson e-filed a U.S. Individual Income Tax Return (Form 1040) for Sharleen G. Robson for the taxable year ended December 31, 2016, (hereinafter referred to as the "Original 2016 Form 1040") with Defendant Internal Revenue Service, reporting Federal income tax of $0.00 for such taxable year.

16. Plaintiff Stephen A. Smith, on behalf of Sharleen G. Robson (Deceased 02/19/2015), reported a net operating loss of $1,827,684.00 on Line 25 of

the 2016 Schedule A – Net Operating Loss (NOL) of the Original 2016 Form 1040 (hereinafter referred to as the "2016 NOL").

17.   Based upon the advice of the Taxpayers' Accountants, Stephen A. Smith, on behalf of Sharleen G. Robson (Deceased 02/19/2019), carried back the 2016 NOL to each of the two (2) taxable years preceding the taxable year of the loss (i.e., to the taxable years ended December 31, 2014, and December 31, 2015) under 26 U.S.C. §§ 172(b)(1)(A)(i) and 172(b)(2), by filing on or about August 16, 2019, with Defendant Internal Revenue Service:

(i) an Amended U.S. Individual Income Tax Return (Form 1040X) for the Taxpayers for the taxable year ended December 31, 2014 (hereinafter referred to as the "2014 Form 1040X"), together with a copy of an As Amended 2014 U.S. Individual Federal Income Tax Return (Form 1040) attached thereto (hereinafter individually referred to as the "As Amended 2014 Form 1040" and, collectively with the 2014 Form 1040X, as the "2014 Form 1040X/Claim for Refund"), claiming an overpayment of Federal income tax of $433,515.00 for the taxable year ended December 31, 2014, pursuant to 26 U.S.C. §§ 6402(a), 6511(a), and 6511(d)(2)(A) and Treasury Regulations §§ 301.6402-1, 301.6402-2, and 301.6402-3(a)(2), and

(ii) the 2015 Form 1040X/Claim for Refund claiming an overpayment of Federal income tax of $283,347.00 for the taxable year ended December 31, 2015, pursuant to 26 U.S.C. §§ 6402(a), 6511(a), and 6511(d)(2)(A) and Treasury Regulations §§ 301.6402-1, 301.6402-2, and 301.6402-3(a)(2), and the 2015 Form 1310.

18.   On or about February 20, 2020, Defendant Internal Revenue Service granted the refund claimed in the 2014 Form 1040X/Claim for Refund and refunded the overpayment of Federal income tax of $433,515.00 for the taxable year ended December 31, 2014, claimed therein, together with interest thereon as allowed by law, to Plaintiff Stephen A. Smith, on behalf of the Taxpayers.

19. The 2016 NOL constituted a "farming loss", as defined in 26 U.S.C. § 172(h)(1). Thus, the 2016 NOL was to be carried back to each of the five (5) taxable years preceding the taxable year of the loss (i.e., to the taxable years ended December 31, 2011, December 31, 2012, December 31, 2013, December 31, 2014, and December 31, 2015) under 26 U.S.C. §§ 172(b)(1)(F) and 172(b)(2).

## III. CAUSE OF ACTION

A.    PLAINTIFF STEPHEN A. SMITH IS ENTITLED TO A REFUND OF THE OVERPAYMENT OF FEDERAL INCOME TAX BY THE TAXPAYERS FOR THE TAXABLE YEAR ENDED DECEMBER 31, 2015, TOGETHER WITH INTEREST THEREON AS ALLOWED BY LAW

20. The allegations set forth in paragraphs 1 – 19 of this Complaint are hereby realleged and incorporated herein by reference as though fully set forth herein.

21. As previously alleged, on or after August 17, 2020, Defendant Internal Revenue Service issued to Plaintiff Stephen A. Smith the First Notice of Claim Disallowance relating to the 2015 Form 1040X/Claim for Refund that disallowed the Taxpayers' "claim for credit [sic]" in the amount of $63,440.00 [sic] for the taxable year ended December 31, 2015, and "claim for the $63,440.00 farm loss reported on line 18 of your amended Form 1040" for the taxable year ended December 31, 2015, as set forth in the As Amended 2015 Form 1040.

22. Defendant Internal Revenue Service's position, as stated in the First Notice of Claim Disallowance, disallowed the Taxpayers' claim for an additional $63,440.00 farm loss reported on line 18 of the As Amended 2015 Form 1040 for the following reason:

"We can't allow your claim for credit or refund because you filed it more than 3 years after you filed your tax return. You must file a claim within 3 years from the date you filed the return." (Exhibit E, Why We Can't Allow Your Claim).

23.  As previously alleged, on or after October 20, 2020, Defendant Internal Revenue Service issued Plaintiff Stephen A. Smith the Second Notice of Claim Disallowance relating to the 2015 Form 1040X/Claim for Refund that disallowed Sharleen G. Robson's "claim for credit (sic)" in the amount of $283,347.00 for the taxable year ended December 31, 2015, as set forth in the 2015 Form 1040X/Claim for Refund.

24.  Defendant Internal Revenue Service's position, as stated in the Second Notice of Claim Disallowance, disallowed Sharleen G. Robson's claim for refund of $283,347.00 of overpaid Federal income tax for the taxable year ended December 31, 2015, claimed in the 2015 Form 1040X/Claim for Refund for the following reason:

"A net operating loss must be filed within 3 years of the due date or extended due date of the loss year return.  The loss year return is the return filed for the year the net operating loss was incurred.  The due date for your 2016 loss year return was April 15, 2017.  In order to be valid, your completed claim needed to be filed by April 15, 2020.

We don't consider an amended return filed, when any information is necessary to process the amended return is missing.  We previously sent you correspondence requesting information necessary to process your amended return.  Since we did not receive the requested information, we are forced to disallow your claim."  (Exhibit F, Why We Cannot Allow Your Claim)

25.  Plaintiff Stephen A. Smith contests the validity of the First Notice of Claim Disallowance and the Second Notice of Claim Disallowance, and each and every item contained therein proposing to disallow the Taxpayers' claim for refund of Federal income tax for the taxable year ended December 31, 2015, based upon each and every statement contained in Exhibits C and D, previously incorporated by reference as though fully set forth herein.

26.  The 2015 Form 1040X/Claim for Refund was filed on or about August 16, 2019, within three (3) years of April 15, 2017, the due date for the

1  Original 2016 Form 1040.

2      27.  The 2015 Form 1040X/Claim for Refund included all information

3  necessary to grant the refund of Federal income tax owing to the Taxpayers for the

4  taxable year ended December 31, 2015, together with interest thereon as allowed by

5  law.

6      28.  Alternatively, the Taxpayers' Accountants timely provided all

7  relevant information and documents requested by Defendant Internal Revenue

8  Service to process the 2015 Form 1040X/Claim for Refund, as supplemented by

9  such additional information and documents, to grant the refund of Federal income

10  tax owing to the Taxpayers for the taxable year ended December 31, 2015, together

11  with interest thereon as allowed by law.

12      29.  The Taxpayers have overpaid their Federal income tax for the

13  taxable year ended December 31, 2015, by the amount set forth in the 2015 Form

14  1040X/Claim for Refund, as adjusted to take into account the correct amount of the

15  2016 NOL to be carried back to the taxable year ended December 31, 2015, under

16  26 U.S.C. § 172(b)(2), utilizing the correct carryback period for the 2016 NOL set

17  forth in 26 U.S.C. § 172(b)(1)(F), or any other amount as allowed by law, and are

18  entitled to a refund of such overpayment of Federal income tax, together with

19  interest thereon as allowed by law.

20      30.  It is error for Defendant Internal Revenue Service to disallow

21  Plaintiff Stephen A. Smith's claim for refund of overpaid Federal income tax for the

22  taxable year ended December 31, 2015, filed on behalf of the Taxpayers, in the

23  amount specified in paragraph 29 of this Complaint, for any reason.

24    B.  ALTERNATIVELY, PLAINTIFF STEPHEN A. SMITH IS

25      ENTITLED TO A DETERMINATION, AS DEFINED IN 26 U.S.C. §

26      1313(a)(1), TO ALLOW PLAINTIFF STEPHEN A. SMITH, ON

27      BEHALF OF THE TAXPAYERS, TO APPLY THE MITIGATION

28      PROVISIONS SET FORTH IN 26 U.S.C. §§ 1311 – 1314 TO

CORRECT THE EFFECT OF THE ERROR REFERRED TO IN 26 U.S.C. § 1312(4) UNDER 26 U.S.C. § 1314 AND TREASURY REGULATIONS §§ 1.1314(a)-1 – 1.1314(c)-1

31.  The allegations set forth in paragraphs 1 – 30 of this Complaint are hereby realleged and incorporated herein by reference as though fully set forth herein.

32.  Under 26 U.S.C. § 1311, if a "determination", as defined in 26 U.S.C. § 1313(a), results in a "circumstance of adjustment", as defined in 26 U.S.C. § 1312, and the correction of the effect of the error referred to in such circumstance of adjustment is prevented by operation of any law or rule of law (other than 26 U.S.C. §§ 1311 – 1314), then the effect of such error shall be corrected by an adjustment made in the amount and in the manner set forth in 26 U.S.C. § 1314.

33.  Assuming, *arguendo,* that after utilizing the correct carryback period for the 2016 NOL set forth in 26 U.S.C. § 172(b)(1)(F), the correct amount of the 2016 NOL to be carried back to the taxable year ended December 31, 2015, under 26 U.S.C. § 172(b)(2) is $0.00, the amount of the 2016 NOL carryback deduction of $666,803.00 claimed in the 2015 Form 1040X/Claim for Refund will be disallowed.

34.  Utilizing the correct carryback period for the 2016 NOL set forth in 26 U.S.C. § 172(b)(1)(F) and the carryback procedure set forth in 26 U.S.C. § 172(b)(2), the Taxpayers will have overpaid their Federal income tax for one or more of the taxable years ended December 31, 2011, December 31, 2012, December 31, 2013, and December 31, 2014.  However, the three (3) year statute of limitations for the Taxpayers to file a claim for refund of such overpaid Federal income tax for such taxable years set forth in 26 U.S.C. § 6511(a) has run.

35.  Under 26 U.S.C. § 1312(4), a "circumstance of adjustment" includes a double disallowance of a deduction or credit.

36.  Based upon the facts alleged in paragraphs 33 and 34 of this

1    Complaint, a "circumstance of adjustment", as defined in 26 U.S.C. § 1312(4),

2    exists.

3           37.   Under 26 U.S.C. § 1311(b)(2)(B), in the case of a circumstance of

4    adjustment defined in 26 U.S.C. § 1312(4), refund of the overpayment of Federal

5    tax attributable to the disallowed deduction or credit that should have been allowed

6    to the taxpayer in the proper taxable year or taxable years must not be barred by any

7    law or rule of law at the time the taxpayer first maintained before the Secretary of

8    the Treasury or the United States Tax Court, in writing, that such taxpayer was

9    entitled to such deduction or credit for the taxable year to which such determination

10   relates.

11          38.   As of the date that Plaintiff Stephen A. Smith filed the 2015 Form

12   1040X/Claim for Refund (i.e., on or about August 16, 2019), Plaintiff Stephen A.

13   Smith, on behalf of the Taxpayers, could have timely filed Amended U.S. Individual

14   Income Tax Returns (Forms 1040X), and any other Federal income tax returns or

15   statements, pursuant to 26 U.S.C. §§ 6402(a), 6511(a), and 6511(d)(2)(A) and

16   Treasury Regulations §§ 301.6402-1, 301.6402-2, and 301.6402-3(a)(2), to claim a

17   refund of the overpaid Federal income tax by the Taxpayers for the taxable years

18   ended December 31, 2011, December 31, 2012, December 31, 2013, and/or

19   December 31, 2014, as applicable, to take into account the correct amount of the

20   2016 NOL to be carried back to such taxable years under 26 U.S.C. § 172(b)(2),

21   utilizing the correct carryback period for the 2016 NOL set forth in 26 U.S.C. §

22   172(b)(1)(F).

23          39.   Based upon the facts alleged in paragraph 38 of this Complaint, the

24   condition set forth in 26 U.S.C. § 1311(b)(2)(B) is satisfied.

25          40.   As a result, if this Court makes an appropriate determination, as

26   defined in 26 U.S.C. § 1313(a)(1) and Treasury Regulations § 1.1313(a)-1, the

27   mitigation of the effect of bar of the statute of limitations to file a claim for refund

28   by Plaintiff Stephen A. Smith, on behalf of the Taxpayers, for the taxable years

ended December 31, 2011, December 31, 2012, December 31, 2013, and December 31, 2014, as applicable, under 26 U.S.C. § 6511(a), will apply because the requirements set forth in 26 U.S.C. §§ 1311 – 1313 will be satisfied, and correction of the effect of the error in applying the wrong carryback period for the 2016 NOL can be achieved by an adjustment made in the amount and in the manner specified in 26 U.S.C. § 1314 and Treasury Regulations §§ 1.1314(a)-1 – 1.1314(c)-1, for taxable years ended December 31, 2011, December 31, 2012, December 31, 2013, and December 31, 2014, as applicable.

WHEREFORE, Plaintiff prays relief that this Court Order and Adjudge as follows:

1.  The First Notice of Claim Disallowance and the Second Notice of Claim Disallowance each be ordered and adjudged invalid, null, and void.

2.  Plaintiff Stephen A. Smith be refunded the amount of the overpaid Federal income tax by the Taxpayers for the taxable year ended December 31, 2015, in the amount set forth in the 2015 Form 1040X/Claim for Refund, as adjusted to take into account the correct amount of the 2016 NOL to be carried back to the taxable year ended December 31, 2015, under 26 U.S.C. § 172(b)(2), utilizing the correct carryback period for the 2016 NOL set forth in 26 U.S.C. § 172(b)(1)(F), or any other amount as allowed by law, together with interest thereon as allowed by law.

3.  Alternatively, make an appropriate determination, as defined in 26 U.S.C. § 1313(a)(1) and Treasury Regulations § 1.1313(a)-1, to allow Plaintiff Stephen A. Smith, on behalf of the Taxpayers, to apply the mitigation provisions set forth in 26 U.S.C. §§ 1311 – 1314 and Treasury Regulations §§ 1.1311(a)-1 – 1.1314(c)-1 to correct the effect of the error referred to in 26 U.S.C. § 1312(4) under 26 U.S.C. § 1314 and Treasury Regulations §§ 1.1314(a)-1 – 1.1314(c)-1, including, without limitation, to allow Stephen A. Smith, on behalf of the Taxpayers, to file Amended U.S. Individual Income Tax Returns (Forms 1040X), and any other

Federal income tax returns or statements, to claim a refund of overpaid Federal income tax by the Taxpayers for the taxable years ended December 31, 2011, December 31, 2012, December 31, 2013, and/or December 31, 2014, as applicable, to take into account the correct amount of the 2016 NOL to be carried back to such taxable years under 26 U.S.C. § 172(b)(2), utilizing the correct carryback period for the 2016 NOL set forth in 26 U.S.C. § 172(b)(1)(F), or any other amount as allowed by law, together with interest as allowed by law.

4.  Defendant Internal Revenue Service be ordered, adjudged, enjoined, restrained and prohibited from taking any assessment, collection or other action directly or indirectly derived from, or based on the First Notice of Claim Disallowance and/or the Second Notice of Claim Disallowance.

5.  Plaintiff Stephen A. Smith is entitled to recover costs, attorneys' fees and such other and further relief as this Court may deem to be appropriate.

### IV.  DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Stephen A. Smith requests trial by jury.

DATED:  August 16, 2022          Respectfully submitted,

BAKER MANOCK & JENSEN, PC

By:  /s/ Craig A. Houghton
Attorneys for STEPHEN A. SMITH, as Special Administrator of the ESTATE OF SHARLEEN G. ROBSON and as Special Administrator of the ESTATE OF ROBERT W. ROBSON

# Exhibit A

**DE-150**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)* | TELEPHONE AND FAX NOS.: | *FOR COURT USE ONLY* |
|---|---|---|
| Jeffrey A. Jaech 076876 | 559-432-5400 | FILED |
| Baker Manock & Jensen PC | 559-432-5620 | MERCED COUNTY |
| 5260 N. Palm Avenue, Suite 201 | | 2022 AUG 15 AM 10: 30 |
| Fresno CA 93704 | | CLERK OF THE |
| ATTORNEY FOR *(Name):* Stephen A. Smith, Petitioner | | SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Merced**
STREET ADDRESS: 627 West 21st Street
MAILING ADDRESS: 627 West 21st Street
CITY AND ZIP CODE: Merced 95340
BRANCH NAME: Old Merced Courthouse

ESTATE OF *(Name):* Sharleen G. Robson

DECEDENT

| LETTERS | | CASE NUMBER: |
|---|---|---|
| ☐ TESTAMENTARY | ☐ OF ADMINISTRATION | 22PR-00251 |
| ☐ OF ADMINISTRATION WITH WILL ANNEXED | ☒ SPECIAL ADMINISTRATION | |

## LETTERS

1. ☐ The last will of the decedent named above having been proved, the court appoints *(name):*

   a. ☐ executor.
   b. ☐ administrator with will annexed.

2. ☒ The court appoints *(name):*
   **Stephen A. Smith**
   a. ☐ administrator of the decedent's estate.
   b. ☒ special administrator of decedent's estate
      (1) ☒ with the special powers specified in the *Order for Probate.*
      (2) ☐ with the powers of a general administrator.
      (3) ☐ letters will expire on *(date):*

3. ☐ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☐ **with full authority**
   ☐ **with limited authority** (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)

Date: **AUG 15 2022**

Clerk, by **AMANDA TOSTE**

(DEPUTY)

## AFFIRMATION

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621 (c)).

2. ☒ INDIVIDUAL: I solemnly affirm that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY *(name):*

   I solemnly affirm that the institution will perform the duties of personal representative according to law I make this affirmation for myself as an individual and on behalf of the institution as an officer.

   *(Name and title):*

4. Executed on *(date):* 9/5/22
   at *(place):* Fresno , California.

   _____
   (SIGNATURE)
   Stephen A. Smith

## CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued by the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

(SEAL)

Date: **AUG 15 2022**

Clerk, by **AMANDA TOSTE**

(DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
**(Probate)**

Probate Code, §§ 1001, 8403
8405, 8544, 8545;
Code of Civil Procedure, § 2015.6

American LegalNet, Inc.
www.USCourtForms.com

Exhibit A - Page 2

This e-copy is the official court record (GC68150)

# Exhibit B

**DE-150**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|
| Jeffrey A. Jaech 076876<br>Baker Manock & Jensen PC<br>5260 N. Palm Avenue, Suite 201<br>Fresno CA 93704 | 559-432-5400<br>559-432-5620 | MERCED COUNTY<br><br>2022 AUG 15 AM 9:33<br><br>CLERK OF THE<br>SUPERIOR COURT<br>BY _____<br>DEPUTY |

ATTORNEY FOR *(Name):* Stephen A. Smith, Petitioner

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced**
STREET ADDRESS: 627 West 21st Street
MAILING ADDRESS: 627 West 21st Street
CITY AND ZIP CODE: Merced 95340
BRANCH NAME: Old Merced Courthouse

ESTATE OF *(Name):* Robert W. Robson

DECEDENT

| LETTERS | | CASE NUMBER: 22PR-00250 |
|---|---|---|
| ☐ TESTAMENTARY ☐ OF ADMINISTRATION WITH WILL ANNEXED | ☐ OF ADMINISTRATION ☒ SPECIAL ADMINISTRATION | |

Left margin (vertical): This e-copy is the official court record (GC68150)

## LETTERS

1. ☐ The last will of the decedent named above having been proved, the court appoints *(name):*

    a. ☐ executor.
    b. ☐ administrator with will annexed.

2. ☒ The court appoints *(name):*
    Stephen A. Smith
    a. ☐ administrator of the decedent's estate.
    b. ☒ special administrator of decedent's estate
       (1) ☒ with the special powers specified in the *Order for Probate.*
       (2) ☐ with the powers of a general administrator.
       (3) ☐ letters will expire on *(date):*

3. ☐ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☐ with full authority ☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)

Date: AUG 15 2022

Clerk, by AMANDA TOSTE
(DEPUTY)

## AFFIRMATION

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621 (c)).

2. ☒ INDIVIDUAL: I solemnly affirm that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY *(name):*

    I solemnly affirm that the institution will perform the duties of personal representative according to law I make this affirmation for myself as an individual and on behalf of the institution as an officer.

    *(Name and title):*

4. Executed on *(date):* 8/5/22
   at *(place):* Fresno , California.

   _____
   (SIGNATURE)
   Stephen A. Smith

## CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued by the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

AUG 15 2022

(SEAL)

Date:

Clerk, by AMANDA TOSTE
(DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
**(Probate)**

Probate Code, §§ 1001, 8403
8405, 8544, 8545;
Code of Civil Procedure, § 2015.6

American LegalNet, Inc.
www.USCourtForms.com

Exhibit B - Page 2

# Exhibit C

Exhibit C - Page 1

0538927666

**DECEASED**

**Form 1040X**
(Rev. January 2016)
Department of the Treasury - Internal Revenue Service
**Amended U.S. Individual Income Tax Return**
► Information about Form 1040X and its separate instructions is at *www.irs.gov/form1040x*.

OMB No. 1545-0074

This return is for calendar year ☒ 2015 ☐ 2014 ☐ 2013 ☐ 2012
Other year. Enter one: calendar year _____ or fiscal year (month and year ended): _____

| Your first name and initial | Last name (DEC. 09/26/15) | Your social security number |
|---|---|---|
| ROBERT W. | ROBSON | 9787- |
| If a joint return, spouse's first name and initial | Last name (DEC. 02/15/19) | Spouse's social security number |
| SHARLEEN G. | ROBSON | 7989 |

Current home address (number and street). If you have a P.O. box, see instructions. | Apt. no. | Your phone number
12685 BUCHANAN HOLLOW ROAD

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
LE GRAND, CA 95333

Foreign country name | Foreign province/state/county | Foreign postal code

Amended return filing status. You must check one box even if you are not changing your filing status. Caution: In general, you cannot change your filing status from joint to separate returns after the due date.

☐ Single
☒ Married filing jointly
☐ Married filing separately
☐ Head of household (if the qualifying person is a child but not your dependent, see instructions.)
☐ Qualifying widow(er)

Full-year coverage:
If all members of your household have full-year minimal essential health care coverage, check "Yes." Otherwise, check "No." (See instr.) ☒ Yes ☐ No

Use Part III on page 2 to explain any changes

| | | A. Original amount or as previously adjusted (see instructions) | B. Net change — amount of increase or (decrease) — explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 | Adjusted gross income. If net operating loss (NOL) carryback is included, check here ► ☐ | 2,802,774. | -709,900. | 2,092,874. |
| 2 | Itemized deductions or standard deduction | 15,100. | | 15,100. |
| 3 | Subtract line 2 from line 1 | 2,787,674. | -709,900. | 2,077,774. |
| 4 | Exemptions. If changing, complete Part I on page 2 and enter the amount from line 29 | | | |
| 5 | Taxable income. Subtract line 4 from line 3 | 2,787,674. | -709,900. | 2,077,774. |
| **Tax Liability** | | | | |
| 6 | Tax. Enter method(s) used to figure tax: QDCGTW | 1,049,784. | -281,121. | 768,663. |
| 7 | Credits. If general business credit carryback is included, check here ► ☐ | | | |
| 8 | Subtract line 7 from line 6. If the result is zero or less, enter -0- | 1,049,784. | -281,121. | 768,663. |
| 9 | Health care: individual responsibility | | | |
| 10 | Other taxes | 117,540. | -2,226. | 115,314. |
| 11 | Total tax. Add lines 8, 9, and 10 | 1,167,324. | -283,347. | 883,977. |
| **Payments** | | | | |
| 12 | Federal income tax withheld and excess social security and RRTA tax withheld (if changing, see instructions) | | | |
| 13 | Estimated tax payments, including amount applied from prior year's return | | | |
| 14 | Earned income credit (EIC) | | | |
| 15 | Refundable credits from: ☐ Schedule 8812 ☐ Form(s) ☐ 2439 ☐ 4136 ☐ 8801 ☐ 8863 ☐ 8885 ☐ 8962 or ☐ other (specify): | | | |
| 16 | Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | | | 1,167,324. |
| 17 | Total payments. Add lines 12 through 15, column C, and line 16 | | | 1,167,324. |
| **Refund or Amount You Owe** | | | | |
| 18 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | | | 1,167,324. |
| 19 | Subtract line 18 from line 17 (if less than zero, see instructions) | | | |
| 20 | Amount you owe. If line 11, column C, is more than line 19, enter the difference | | | |
| 21 | If line 11, column C, is less than line 19, enter the difference. This is the amount overpaid on this return | | | 283,347. |
| 22 | Amount of line 21 you want refunded to you | | | 283,347. |
| 23 | Amount of line 21 you want applied to your (enter year): estimated tax | 23 | | |

Complete and sign this form on Page 2.

LHA   For Paperwork Reduction Act Notice, see instructions.   01/01/01 01:01:16   Form 1040X (Rev. 1-2016)

06A053

0024122752

Exhibit C - Page 2

Form 1040X (Rev. 1-2016)  ROBERT W. & SHARLEEN G. ROBSON                9787 Page 2

**Part I  Exemptions**

Complete this part only if you are increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending.

See Form 1040 or Form 1040A instructions and Form 1040X instructions.

| | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 24 | Yourself and spouse. Caution: If someone can claim you as a dependent, you cannot claim an exemption for yourself ... | 24 | | |
| 25 | Your dependent children who lived with you ... | 25 | | |
| 26 | Your dependent children who did not live with you due to divorce or separation ... | 26 | | |
| 27 | Other dependents ... | 27 | | |
| 28 | Total number of exemptions. Add lines 24 through 27 ... | 28 | | |
| 29 | Multiply the number of exemptions claimed on line 28 by the exemption amount shown in the instructions for line 29 for the year you are amending. Enter the result here and on line 4 on page 1 of this form ... | 29 | | |

30  List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name     Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

**Part II  Presidential Election Campaign Fund**

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.
☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

**Part III  Explanation of changes. In the space provided below, tell us why you are filing Form 1040X.**

▶ Attach any supporting documents and new or changed forms and schedules.

THE ORIGINALLY FILED 2015 INCOME TAX RETURN IS BEING AMENDED TO INCLUDE THE FIVE-STEP UP BASIS OF TREES' ON THE SCHEDULE F AT 5/26/2015, AND THE NET OPERATING LOSS CARRYBACK FROM 2015.

**Sign Here**

Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

Your signature _____ TRUSTEE  Date 8/16/19         Spouse's signature. (If a joint return, both must sign.)  Date

**Paid Preparer Use Only**

▶ CHRISTOPHER B. MORSE       Date 03/26/19    MOSS ADAMS LLP
Preparer's signature                          Firm's name (or yours if self-employed)

CHRISTOPHER B. MORSE                          265 E. RIVER PARK CIRCLE  STE 11
Print/type preparer's name                    FRESNO, CA 93720
                              ☐ Check if self-employed   Firm's address and ZIP code
PTIN                                          559-389-5700        9318
                                             Phone number         EIN

For forms and publications, visit IRS.gov.                        Form 1040X (Rev. 1-2016)

06A054

Exhibit C - Page 3

**Form 1040X**
(Rev. January 2016)

Department of the Treasury - Internal Revenue Service

## Amended U.S. Individual Income Tax Return

▶ Information about Form 1040X and its separate instructions is at *www.irs.gov/form1040x* .

OMB No. 1545-0074

This return is for calendar year ☒ 2015 ☐ 2014 ☐ 2013 ☐ 2012

Other year. Enter one: calendar year _____ or fiscal year (month and year ended): _____

| Your first name and initial | Last name (DEC. 09/26/15) | Your social security number |
|---|---|---|
| ROBERT W. | ROBSON | 9787 |

| If a joint return, spouse's first name and initial | Last name (DEC. 02/15/19) | Spouse's social security number |
|---|---|---|
| SHARLEEN G. | ROBSON | 7989 |

Current home address (number and street). If you have a P.O. box, see instructions.    Apt. no.    Your phone number
12685 BUCHANAN HOLLOW ROAD

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
LE GRAND, CA 95333

| Foreign country name | Foreign province/state/county | Foreign postal code |
|---|---|---|

**Amended return filing status.** You **must** check one box even if you are not changing your filing status. **Caution:** In general, you cannot change your filing status from joint to separate returns after the due date.

☐ Single
☒ Married filing jointly
☐ Married filing separately

☐ Head of household (If the qualifying person is a child but not your dependent, see instructions.)
☐ Qualifying widow(er)

**Full-year coverage.**
If all members of your household have full-year minimal essential health care coverage, check "Yes." Otherwise, check "No." (See instr.)
☒ Yes ☐ No

Use Part III on page 2 to explain any changes

| | | **A. Original amount or as previously adjusted** (see instructions) | **B. Net change -** amount of increase or (decrease) - explain in Part III | **C. Correct amount** |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ ☐ | 1 | 2,802,774. | -709,900. | 2,092,874. |
| 2 Itemized deductions or standard deduction | 2 | 15,100. | | 15,100. |
| 3 Subtract line 2 from line 1 | 3 | 2,787,674. | -709,900. | 2,077,774. |
| 4 Exemptions. If changing, complete Part I on page 2 and enter the amount from line 29 | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 2,787,674. | -709,900. | 2,077,774. |
| **Tax Liability** | | | | |
| 6 Tax. Enter method(s) used to figure tax: QDCGTW | 6 | 1,049,784. | -281,121. | 768,663. |
| 7 Credits. If general business credit carryback is included, check here ▶ ☐ | 7 | | | |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 1,049,784. | -281,121. | 768,663. |
| 9 Health care: individual responsibility (see instructions) | 9 | | | |
| 10 Other taxes | 10 | 117,540. | -2,226. | 115,314. |
| 11 Total tax. Add lines 8, 9, and 10 | 11 | 1,167,324. | -283,347. | 883,977. |
| **Payments** | | | | |
| 12 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (If changing, see instructions.) | 12 | | | |
| 13 Estimated tax payments, including amount applied from prior year's return | 13 | | | |
| 14 Earned income credit (EIC) | 14 | | | |
| 15 Refundable credits from: ☐ Schedule 8812 ☐ Form(s) ☐ 2439 ☐ 4136 ☐ 8801 ☐ 8863 ☐ 8885 ☐ 8962 or ☐ other (specify): | 15 | | | |
| 16 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 16 | | | 1,167,324. |
| 17 Total payments. Add lines 12 through 16 | 17 | | | 1,167,324. |
| **Refund or Amount You Owe** | | | | |
| 18 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 18 | | | |
| 19 Subtract line 18 from line 17 (If less than zero, see instructions.) | 19 | | | 1,167,324. |
| 20 Amount you owe. If line 11, column C, is more than line 19, enter the difference | 20 | | | |
| 21 If line 11, column C, is less than line 19, enter the difference. This is the amount overpaid on this return | 21 | | | 283,347. |
| 22 Amount of line 21 you want **refunded** to you | 22 | | | 283,347. |
| 23 Amount of line 21 you want applied to your (enter year): _____ estimated tax | 23 | | | |

Complete and sign this form on Page 2.

LHA    For Paperwork Reduction Act Notice, see instructions.    510701 01-27-16      Form **1040X** (Rev. 1-2016)

Exhibit C - Page 4

Form 1040X (Rev. 1-2016)  ROBERT W. & SHARLEEN G. ROBSON  ███████ 9787  Page **2**

| Part I | Exemptions |
|---|---|

Complete this part **only** if you are increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending.

See *Form 1040 or Form 1040A instructions and Form 1040X instructions.*

| | | **A. Original number** of exemptions or amount reported or as previously adjusted | **B. Net change** | **C. Correct number or amount** |
|---|---|---|---|---|
| 24 | Yourself and spouse. **Caution:** If someone can claim you as a dependent, you cannot claim an exemption for yourself ............... **24** | | | |
| 25 | Your dependent children who lived with you ............... **25** | | | |
| 26 | Your dependent children who did not live with you due to divorce or separation ............... **26** | | | |
| 27 | Other dependents ............... **27** | | | |
| 28 | Total number of exemptions. Add lines 24 through 27 ............... **28** | | | |
| 29 | Multiply the number of exemptions claimed on line 28 by the exemption amount shown in the instructions for line 29 for the year you are amending. Enter the result here and on line 4 on page 1 of this form ............... **29** | | | |

30  List **ALL** dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

| Part II | Presidential Election Campaign Fund |
|---|---|

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.
☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

| Part III | Explanation of changes. In the space provided below, tell us why you are filing Form 1040X. |
|---|---|

▶ Attach any supporting documents and new or changed forms and schedules.

THE ORIGINALLY FILED 2015 INCOME TAX RETURN IS BEING AMENDED TO INCLUDE THE FMV-STEP UP BASIS OF TREES ON THE SCHEDULE F AT 9/26/2015, AND THE NET OPERATING LOSS CARRYBACK FROM 2016.

**Sign Here**
Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ _____  _____
Your signature                Date

▶ _____  _____
Spouse's signature. If a joint return, both must sign.  Date

**Paid Preparer Use Only**

▶ CHRISTOPHER B. MORSE        03/24/19
Preparer's signature          Date

MOSS ADAMS LLP
Firm's name (or yours if self-employed)

CHRISTOPHER B. MORSE
Print/type preparer's name

☐ Check if self-employed

265 E. RIVER PARK CIRCLE  STE 11
FRESNO, CA 93720
Firm's address and ZIP code

PTIN ███████

559-389-5700
Phone number

███████ 9318
EIN

510/02
01-27-16  For forms and publications, visit IRS.gov.

Form **1040X** (Rev. 1-2016)

Exhibit C - Page 5

The As Amended 2015 Form 1040 (Exhibit C – Page 6 through Exhibit C – Page 47) is the subject of Plaintiff Stephen A. Smith's Request to File Documents Under Seal pursuant to Fed. R. Civ. P. 5.2(d) and Eastern District of California Local Rule 141(b) that will be submitted to the District Court Judge who will be assigned to this case, once assigned by the Clerk. Thus, a copy of the As Amended 2015 Form 1040 is not included in this filing pending this Court's ruling on Plaintiff Stephen A. Smith's Request to File Documents Under Seal.

Exhibit C – Suplemental Page

# Exhibit D

Form **1310**
(Rev. August 2014)

Department of the Treasury
Internal Revenue Service

## Statement of Person Claiming
## Refund Due a Deceased Taxpayer

▶ Information about Form 1310 is available at *www.irs.gov/form1310.*
▶ See instructions.

OMB No. 1545-0074

Attachment
Sequence No. **87**

Tax year decedent was due a refund:

Calendar year ____ **2015**, or other tax year beginning _____, 20____, and ending _____, 20____

| | | | |
|---|---|---|---|
| | Name of decedent<br>ROBERT W. ROBSON | Date of death<br>09/26/15 | Decedent's social security no.<br>████ 9787 |
| Please<br>print<br>or<br>type | Name of person claiming refund<br>STEVE A SMITH | | Your social security number<br>████ 2482 |
| | Home address (number and street). If you have a P.O. box, see instructions.<br>2509 W SHAW AVE | | Apt. no. |
| | City, town or post office, state, and ZIP code. If you have a foreign address, see instructions.<br>FRESNO, CA 93711 | | |

**Part I**   Check the box that applies to you. Check only one box. **Be sure to complete Part III below.**

A ☐ Surviving spouse requesting reissuance of a refund check (see instructions).

B ☐ Court-appointed or certified personal representative. Attach a court certificate showing your appointment, unless previously
filed (see instructions).

C ☒ Person, other than A or B, claiming refund for the decedent's estate (see instructions). Also, complete Part II.

**Part II**   Complete this part only if you checked the box on line C above.

| | | Yes | No |
|---|---|---|---|
| 1 | Did the decedent leave a will? | X | |
| 2a | Has a court appointed a personal representative for the estate of the decedent? | | X |
| b | If you answered "No" to 2a, will one be appointed? | | X |
| | If you answered "Yes" to 2a or 2b, the personal representative must file for the refund. | | |
| 3 | As the person claiming the refund for the decedent's estate, will you pay out the refund according to the laws of the state<br>where the decedent was a legal resident? | X | |
| | If you answered "No" to 3, a refund cannot be made until you submit a court certificate showing your appointment<br>as personal representative or other evidence that you are entitled under state law to receive the refund. | | |

**Part III**   Signature and verification. All filers must complete this part.

I request a refund of taxes overpaid by or on behalf of the decedent. Under penalties of perjury, I declare that I have examined this claim, and to
the best of my knowledge and belief, it is true, correct, and complete.

Signature of person claiming refund ▶ _____   Date ▶ _____

LHA   For Privacy Act and Paperwork Reduction Act Notice, see instructions.   Form **1310** (Rev. 8-2014)
512091
04-01-15

Exhibit D - Page 2

# Exhibit E

**IRS** Department of the Treasury
Internal Revenue Service

IRS
AUSTIN   TX   73301-0025

In reply refer to:  0538905825
Aug. 17, 2020   LTR 105C   0'
▮▮▮▮▮9787  201512 30
Input Op:  0538905825 00001561
                        BODC: SB

9307110756606849906094

ROBERT DECD & SHARLEEN DECD ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO   CA   93711

000995

CERTIFIED MAIL

Taxpayer identification number:  ▮▮▮▮▮9787
              Kind of tax:  Federal Income Tax
         Amount of claim :  $63,440.00

         Date of claims received:  Mar. 21, 2020
              Tax period :  Dec. 31, 2015

                    CISC33QQRQ

Dear Taxpayer:

                WE CAN'T ALLOW YOUR CLAIM

We disallowed your claim for credit for the tax period listed at
the top of this letter.

            WHY WE CAN'T ALLOW YOUR CLAIM

We can't allow your claim for the $63,440.00 farm loss reported on
line 18 of your amended Form 1040.

We can't allow your claim for credit or refund because you filed it
more than 3 years after you filed your tax return. You must file a
claim within 3 years from the date you filed the return.

We can only credit or refund the amount you paid during the
three-year period before you filed the claim (plus any approved
extension of time to file). We consider tax you withheld and estimated
tax payments as paid on the due date (i.e., April 15) for filing your
tax return. We treat the amount of the allowable earned income credit
that exceeds the actual income tax you owe in a similar manner as
tax payments you made.

            WHAT TO DO IF YOU DISAGREE

You can appeal our decision with the Office of Appeals (which is
an independent organization within the IRS) if we disallowed your
claim because our records show that you filed your claim late.
Generally, a claim is late if you filed it after the later of:

Exhibit E - Page 2

```
                                                    0538905825
                        Aug. 17, 2020    LTR 105C    0
                        ████████9787   201512 30
                        Input Op:  0538905825 00001562
```

ROBERT DECD & SHARLEEN DECD ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711

- 3 years from the due date of a timely-filed return without an
  extension
- 3 years from the date we received a late return or a timely
  filed return with an approved extension
- 2 years after you paid the tax

In addition, for a claim filed within three years of the date you
filed your tax return, we can only refund or credit the amount you
paid during the three-year period before the date you file the claim
(plus any approved extension of time to file). If you file your claim
more than three years after the date you filed your return, we can
only credit or refund the amount you paid during the two-year period
before the date you file the claim. The Appeals Office can't change
the amount of time the law allows you to file a claim for refund or
credit.

If you decide to appeal our decision, send us an explanation of why
you believe you filed your claim on time; for example, you had an
extension of time to file your original tax return. We will consider
your explanation before forwarding your request to the Office of
Appeals.

Please note, reasonable cause or similar explanations that may provide
relief from a penalty for filing a tax return late don't apply to the
time limitations for filing a claim set by law. Exceptions that can
extend the time to file a claim for refund include:

- Service in a combat zone
- A claim involving an item with a filing period longer than the
  general three-year period (for example, bad debts and worthless
  securities)
- Financial disability

Financial disability is the inability to manage financial affairs due
to a medically-determined physical or mental impairment that could
result in death or that lasts (or can be expected to last)
continuously for at least twelve months. A physician's written
statement is required as proof of financial disability. Please review
Publication 556, Examination of Returns, Appeal Rights, and Claims for
Refund, for more information about these exceptions.

You have the right to appeal our decision to disallow your claim.
You can represent yourself before Appeals or you can have an attorney,
certified public accountant, enrolled agent, or any other person
authorized to practice before the IRS represent you. To have someone
represent you, attach Form 2848, Power of Attorney and Declaration of

Exhibit E - Page 3

```
                                                          0538905825
                                Aug. 17, 2020    LTR 105C    0
                                ███████ 9787  201512  30
                                Input Op:  0538905825 00001563
```

ROBERT DECD & SHARLEEN DECD ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711



000995

Representative, (or similar written power of attorney) to your written
statement. If we don't hear from you within 30 days from the date of
this letter, we will process your case with the information we have
now.

For claims $25,000 or less, you can request a small dollar case
appeal. You must prepare a formal protest for a disallowed claim over
$25,000.

To request a small dollar case appeal:
1. Prepare a written statement that you want to appeal to the
   Office of Appeals.
2. List the tax periods or years and disallowed items you disagree
   with and why you don't agree with each item.
3. Provide your name, address, taxpayer identification number,
   daytime telephone number, and a copy of this letter.
4. Mail your appeal request to the address at the top of the first
   page of this letter.

To prepare a formal protest:
1. Prepare a written statement that you want to appeal to the
   Office of Appeals.
2. List the tax periods or years and disallowed items you disagree
   with and why you don't agree with each item.
3. Provide your name, address, taxpayer identification number,
   daytime telephone number, and a copy of this letter.
4. Include a detailed statement of facts with names, amounts,
   locations, etc., to support your reasons for disputing the
   disallowance.
5. If you know the particular law or authority that supports
   your position, identify that law or authority by providing
   a legal citation.
6. Sign the perjury statement below and include it with your
   written appeal. If your authorized representative prepares the
   request for an appeal, he or she must sign the statement.
7. Mail your written formal protest to the address at the top of
   the first page of this letter.

STATEMENT BY INDIVIDUALS OR SOLE PROPRIETORS

"Under penalties of perjury, I declare that the facts present on
my written appeal are, to the best of my knowledge and belief,
true, correct, and complete."

```
                                                    0538905825
                          Aug. 17, 2020     LTR 105C     0
                          ████████9787   201512 30
                          Input Op:   0538905825 00001564
```

ROBERT DECD & SHARLEEN DECD ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711


Signature                          Date
_____    _____
Spouse's signature, if a joint return    Date

STATEMENT BY INDIVIDUAL AUTHORIZED TO PRACTICE BEFORE THE IRS

   "Under penalties of perjury, I declare that I prepared the written
   statement and accompanying documents. To the best of my knowledge
   the protest and accompanying documents are true and correct."

_____    _____  _____
Signature of representative         Enrollment number  Date

If you don't agree with our decision, you can file suit to recover
tax, penalties, or other amounts, with the United States District
Court that has jurisdiction or with the United States Court of Federal
Claims. These courts are part of the judicial branch of the federal
government and have no connection with the IRS.

The law gives you 2 years from the date of this notice of claim
disallowance to file suit. If you signed an agreement that waived your
right to this notice of disallowance Form 2297, Waiver of Statutory
Notification of Claim Disallowance, the period for filing suit begins
on the date you filed the waiver. If you decide to appeal our decision
first, the 2-year period still begins from the date of this notice or,
if applicable, the date you filed the waiver even if Appeals has not
yet rendered a final decision on your case. Consideration of your
claim by Appeals does not extend the 2-year period to file suit.
However, the 2-year-period can be extended if you and the IRS sign a
Form 907, Agreement to Extend the Time to Bring Suit.

A refund or credit cannot be made after the end of the 2-year period
(including any extension) unless you file suit during that time. If
the end of the 2-year period is approaching and a decision has not
been made on your appeal (or if a favorable decision has been made but
the refund has not yet been paid), you can file suit, or you can
discuss extending this 2-year period with the IRS to protect your
ability to receive a refund. If you do not file suit within the 2-year
period or sign an agreement with the IRS extending the 2-year period
to file suit, you may lose your ability to receive a refund, even if a
favorable decision on your appeal has already been made.

You can get the forms or publications mentioned in this letter by
visiting our website at www.irs.gov/forms-pubs or by calling
800-TAX-FORM (800-829-3676).

```
                                                    0538905825
                              Aug. 17, 2020    LTR 105C    0
                              ████9787  201512 30
                              Input Op:  0538905825 00001565
```

ROBERT DECD & SHARLEEN DECD ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711



000995

### HOW TO CONTACT US

If you have questions, you can call Customer Service at
267-941-1000 between 6:00 a.m. and 11:00 p.m. EDT.

If you prefer, you can write to the address at the top of the first
page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number (    )_____  Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.


                         Sincerely yours,


                         LuCinda J Comegys
                         Field Director, Accounts Management


Enclosures:
Copy of this letter
Publication 1
Envelope

# Exhibit F

**IRS** Department of the Treasury
Internal Revenue Service

IRS
AUSTIN  TX  73301-0025

9307110756607024399731

```
In reply refer to: 0538905825
Oct. 20, 2020   LTR 105C   0
         7989  201612 30
Input Op: 0538905825 00011779
                        BODC: SB
```

SHARLEEN G ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711-3308

0446

CERTIFIED MAIL

```
Taxpayer identification number:        7989
              Kind of tax: Federal Income Tax
            Amount of claim : $283,347.00


       Date of claims received:  Mar. 21, 2020
              Tax period :  Dec. 31, 2016  Dec. 31, 2015


                    CISC33QQRQ
```

Dear Taxpayer:

## WE CAN'T ALLOW YOUR CLAIM

We disallowed your claim for credit for the tax period listed at the top of this letter.

## WHY WE CAN'T ALLOW YOUR CLAIM

A net operating loss must be filed within 3 years of the due date or extended due date of the loss year return. The loss year return is the return filed for the year the net operating loss was incurred. The due date for your 2016 loss year return was April 15, 2017. In order to be valid, your completed claim needed to be filed by April 15, 2020.

We don't consider an amended return filed, when any information necessary to process the amended return is missing. We previously sent you correspondence requesting information necessary to process your amended return. Since we did not receive the requested information, we are forced to disallow your claim.

## WHAT TO DO IF YOU DISAGREE

You can appeal our decision with the Office of Appeals (which is an independent organization within the IRS) if we disallowed your claim because our records show that you filed your claim late. Generally, a claim is late if you filed it after the later of:

- 3 years from the due date of a timely-filed return without an

Exhibit F - Page 2

```
                                                        0538905825
                              Oct. 20, 2020    LTR 105C    0
                              ████████  7989  201612 30
                              Input Op:  0538905825 00011780
```

SHARLEEN G ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711-3308


extension
- 3 years from the date we received a late return or a timely
  filed return with an approved extension
- 2 years after you paid the tax

In addition, for a claim filed within three years of the date you
filed your tax return, we can only refund or credit the amount you
paid during the three-year period before the date you file the claim
(plus any approved extension of time to file). If you file your claim
more than three years after the date you filed your return, we can
only credit or refund the amount you paid during the two-year period
before the date you file the claim. The Appeals Office can't change
the amount of time the law allows you to file a claim for refund or
credit.

If you decide to appeal our decision, send us an explanation of why
you believe you filed your claim on time; for example, you had an
extension of time to file your original tax return. We will consider
your explanation before forwarding your request to the Office of
Appeals.

Please note, reasonable cause or similar explanations that may provide
relief from a penalty for filing a tax return late don't apply to the
time limitations for filing a claim set by law. Exceptions that can
extend the time to file a claim for refund include:

- Service in a combat zone
- A claim involving an item with a filing period longer than the
  general three-year period (for example, bad debts and worthless
  securities)
- Financial disability

Financial disability is the inability to manage financial affairs due
to a medically-determined physical or mental impairment that could
result in death or that lasts (or can be expected to last)
continuously for at least twelve months. A physician's written
statement is required as proof of financial disability. Please review
Publication 556, Examination of Returns, Appeal Rights, and Claims for
Refund, for more information about these exceptions.

You have the right to appeal our decision to disallow your claim.
You can represent yourself before Appeals or you can have an attorney,
certified public accountant, enrolled agent, or any other person
authorized to practice before the IRS represent you. To have someone
represent you, attach Form 2848, Power of Attorney and Declaration of
Representative, (or similar written power of attorney) to your written

```
                                                    0538905825
                                Oct. 20, 2020   LTR 105C    0
                                ███████ 7989  201612  30
                                Input Op:  0538905825  00011781
```

SHARLEEN G ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711-3308

0446

statement. If we don't hear from you within 30 days from the date of
this letter, we will process your case with the information we have
now.

For claims $25,000 or less, you can request a small dollar case
appeal. You must prepare a formal protest for a disallowed claim over
$25,000.

To request a small dollar case appeal:
1. Prepare a written statement that you want to appeal to the
   Office of Appeals.
2. List the tax periods or years and disallowed items you disagree
   with and why you don't agree with each item.
3. Provide your name, address, taxpayer identification number,
   daytime telephone number, and a copy of this letter.
4. Mail your appeal request to the address at the top of the first
   page of this letter.

To prepare a formal protest:
1. Prepare a written statement that you want to appeal to the
   Office of Appeals.
2. List the tax periods or years and disallowed items you disagree
   with and why you don't agree with each item.
3. Provide your name, address, taxpayer identification number,
   daytime telephone number, and a copy of this letter.
4. Include a detailed statement of facts with names, amounts,
   locations, etc., to support your reasons for disputing the
   disallowance.
5. If you know the particular law or authority that supports
   your position, identify that law or authority by providing
   a legal citation.
6. Sign the perjury statement below and include it with your
   written appeal. If your authorized representative prepares the
   request for an appeal, he or she must sign the statement.
7. Mail your written formal protest to the address at the top of
   the first page of this letter.

STATEMENT BY INDIVIDUALS OR SOLE PROPRIETORS

   "Under penalties of perjury, I declare that the facts present on
   my written appeal are, to the best of my knowledge and belief,
   true, correct, and complete."

_____        _____
Signature                                Date

Exhibit F - Page 4

0538905825

Oct. 20, 2020    LTR 105C    0
▬▬7989  201612 30
Input Op:   0538905825 00011782

SHARLEEN G ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711-3308

_____    _____
Spouse's signature, if a joint return    Date

STATEMENT BY INDIVIDUAL AUTHORIZED TO PRACTICE BEFORE THE IRS

"Under penalties of perjury, I declare that I prepared the written
statement and accompanying documents. To the best of my knowledge
the protest and accompanying documents are true and correct."

_____    _____    _____
Signature of representative    Enrollment number    Date

If you don't agree with our decision, you can file suit to recover
tax, penalties, or other amounts, with the United States District
Court that has jurisdiction or with the United States Court of Federal
Claims. These courts are part of the judicial branch of the federal
government and have no connection with the IRS.

The law gives you 2 years from the date of this notice of claim
disallowance to file suit. If you signed an agreement that waived your
right to this notice of disallowance Form 2297, Waiver of Statutory
Notification of Claim Disallowance, the period for filing suit begins
on the date you filed the waiver. If you decide to appeal our decision
first, the 2-year period still begins from the date of this notice or,
if applicable, the date you filed the waiver even if Appeals has not
yet rendered a final decision on your case. Consideration of your
claim by Appeals does not extend the 2-year period to file suit.
However, the 2-year-period can be extended if you and the IRS sign a
Form 907, Agreement to Extend the Time to Bring Suit.

A refund or credit cannot be made after the end of the 2-year period
(including any extension) unless you file suit during that time. If
the end of the 2-year period is approaching and a decision has not
been made on your appeal (or if a favorable decision has been made but
the refund has not yet been paid), you can file suit, or you can
discuss extending this 2-year period with the IRS to protect your
ability to receive a refund. If you do not file suit within the 2-year
period or sign an agreement with the IRS extending the 2-year period
to file suit, you may lose your ability to receive a refund, even if a
favorable decision on your appeal has already been made.

You can get the forms or publications mentioned in this letter by
visiting our website at www.irs.gov/forms-pubs or by calling
800-TAX-FORM (800-829-3676).

HOW TO CONTACT US

```
                                           0538905825
                    Oct. 20, 2020    LTR 105C    0
                    ████7989  201612 30
                    Input Op:  0538905825 00011783
```

SHARLEEN G ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711-3308

1446

If you have questions, you can call Customer Service at
267-941-1000 between 6:00 a.m. and 11:00 p.m. EDT.

If you prefer, you can write to the address at the top of the first
page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number (   )_____  Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

                              Sincerely yours,

                              *An Cinda J. Comegys*

                              LuCinda J Comegys
                              Field Director, Accounts Management

Enclosures:
Copy of this letter
Publication 1
Envelope



**IRS** Department of the Treasury
Internal Revenue Service

IRS
AUSTIN  TX  73301-0025

9307 1107 5660 7024 3997 31

000446.278550.469121.16253 2 SP 0.650 1750

SHARLEEN G ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711-3308

)0446

CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY.
DO NOT USE IF YOU ARE MAKING A PAYMENT.

CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT,
EVEN IF YOU ALSO HAVE AN INQUIRY.

✂

The IRS address must appear in the window.          Use for inquiries only
                                    0538905825          Letter Number:    LTR0105C
        BODCD-SB                                        Letter Date  :    2020-10-20
                                                        Tax Period   :    201612

*▮7989*

SHARLEEN G ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711-3308

INTERNAL REVENUE SERVICE
IRS
AUSTIN  TX  73301-0025

504347989 TA ROBS 30 0 201612 670 00000000000

✂

The IRS address must appear in the window.          Use for payments
                                    0538905825          Letter Number: LTR0105C
        BODCD-SB                                        Letter Date  : 2020-10-20
                                                        Tax Period   : 201612

*▮7989*

SHARLEEN G ROBSON
% STEVE A SMITH TTEE
2509 W SHAW AVE
FRESNO  CA  93711-3308

INTERNAL REVENUE SERVICE
IRS
AUSTIN  TX  73301-0010

504347989 TA ROBS 30 0 201612 670 00000000000          Exhibit F - Page 7