1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11 | STEPHEN A. SMITH,

12 |             Plaintiff,

13 |      v.

14 | UNITED STATES OF AMERICA, et al.,

15 |             Defendants.

16
17
18

Case No.  1:22-cv-01032-SAB

ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL

(ECF Nos. 1, 11)

19

**I.**

20

**INTRODUCTION**

21      Plaintiff Stephen Smith, as Special Administrator on behalf of the estates of Sharleen

22 Robson (deceased) and Robert Robson (deceased) ("Plaintiff"), brings this action against the

23 United States of America, Department of Treasury, and Internal Revenue Service (collectively

24 "Defendants") for a tax refund.  (ECF No. 1.)  Currently before the Court is Plaintiff's request to

25 seal documents.  (ECF No. 11.)  The Court notes no Defendants have appeared yet in this matter;

26 their answers are due October 17, 2022.  (See ECF Nos. 6, 7, 8, 9).  An initial scheduling

27 conference is currently set for November 15, 2022.  (ECF No. 5.)  For the reasons discussed

28 herein, the Court issues the following order granting Plaintiff's request to seal.

1
2

## II.

## LEGAL STANDARD

3      There is a presumption in favor of public access to court records.  See Phillips ex rel.

4   Estates of Byrd v. Gen. Motors Corp. (Phillips), 307 F.3d 1206, 1210 (9th Cir. 2002).  However,

5   "access to judicial records is not absolute."  Kamakana v. City & Cnty. of Honolulu, 447 F.3d

6   1172, 1178 (9th Cir. 2006).  Two standards govern whether documents should be sealed: a

7   "compelling reasons" standard, and a "good cause" standard.  Id. at 1179; Pintos v. Pac. Creditors

8   Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2010).  The "good cause" and "compelling reasons"

9   standards should not be conflated; a "good cause" showing will not, without more, satisfy the

10   "compelling reasons" test.  Kamakana, 447 F.3d at 1180.

11      Generally, the compelling reasons standard is applied.  See Ctr. for Auto Safety v.

12   Chrysler Grp., LLC (Auto Safety), 809 F.3d 1092, 1096–97 (9th Cir. 2016), cert. denied sub nom.

13   FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016).  Under the compelling reasons

14   standard, the party seeking to have a document sealed must articulate compelling reasons

15   supported by specific factual findings; it must identify the interests that favor secrecy; and it must

16   show that these specific interests outweigh the general history of access and the public policies

17   favoring disclosure, such as the public's interest in understanding the judicial process.

18   Kamakana, 447 F.3d at 1179–81.  The Ninth Circuit has indicated that " 'compelling reasons'

19   sufficient to outweigh the public's interest in disclosure and justify sealing court records exist

20   when such 'court files might have become a vehicle for improper purposes,' such as the use of

21   records to gratify private spite, promote public scandal, circulate libelous statements, or release

22   trade secrets.' "  Id. at 1179 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 & n.7

23   (1978)).  "[S]ources of business information that might harm a litigant's competitive strategy may

24   also give rise to a compelling reason to seal," as may pricing, profit, and customer usage

25   information kept confidential by a company that could be used to the company's competitive

26   disadvantage.  See Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1221–22, 1225 (Fed. Cir.

27   2013) (quoting Nixon, 435 U.S. at 597–98).  On the other hand, "[t]he mere fact that the

28   production of records may lead to a litigant's embarrassment, incrimination, or exposure to

1    further litigation will not, without more, compel the court to seal its records." Kamakana, 447

2    F.3d at 1179 (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir.

3    2003)).   Nor is the fact that the parties have agreed to keep information confidential.   See

4    generally, Foltz, 331 F.3d 1122.  Indeed, "[s]imply mentioning a general category of privilege,

5    without any further elaboration or any specific linkage with the documents, does not satisfy the

6    burden."  Kamakana, 447 F.3d at 1184.  Rather, a party must "articulate compelling reasons

7    supported by specific factual findings."  Id. at 1178 (citations omitted).

8          The "good cause" standard is an exception that the Ninth Circuit "carved out . . . for

9    sealed materials attached to a discovery motion unrelated to the merits of a case" or documents

10   only tangentially related to the underlying cause of action.  Auto Safety, 809 F.3d at 1097; see

11   also Kamakana, 447 F.3d at 1179–80 (a "particularized showing" under the "good cause"

12   standard of Rule 26(c) will "suffice [] to warrant preserving the secrecy of sealed discovery

13   material attached to non-dispositive motions.").  While it "presents a lower burden for the party

14   wishing to seal documents than the 'compelling reasons' standard," Pintos, 605 F.3d at 678, the

15   party seeking protection nevertheless bears the burden of showing specific prejudice or harm will

16   result, Phillips, 307 F.3d at 1210–11, and must make a "particularized showing of good cause

17   with respect to any individual document," San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187

18   F.3d 1096, 1103 (9th Cir. 1999) (citations omitted).  For example, a "particularized showing" that

19   public disclosure would cause "annoyance, embarrassment, oppression, or an undue burden" will

20   suffice to seal non-dispositive records.  Fed. R. Civ. P. 26(c)(1); Kamakana, 447 F.3d at 1180.

21   "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,"

22   however, are insufficient.  Phillips, 307 F.3d at 1211 (quoting Beckman Indus., Inc. v. Int'l Ins.

23   Co., 966 F.2d 470, 476 (9th Cir. 1992)).

24         Additionally, Local Rule 141 provides that requests to seal shall set forth: (1) the statutory

25   or other authority for sealing; (2) the requested duration; (3) the identity, by name or category, of

26   persons to be permitted access to the documents; and (4) all other relevant information.  E.D. Cal.

27   L.R. 141(b).  Finally, any request to seal documents must be "narrowly tailored" to remove from

28   the public sphere only the material that warrants secrecy.  See, e.g., Ervine v. Warden, 241 F.

1    Supp. 3d 917, 919 (E.D. Cal. 2016) (citing Press-Enterprise Co. v. Superior Ct. of Cal., 464 U.S.

2    501 (1986)).  To the extent any confidential information can be easily redacted while leaving

3    meaningful information available to the public, the Court must order that redacted versions be

4    filed rather than sealing entire documents.  See Foltz, 331 F.3d at 1137; see also In re Roman

5    Catholic Archbishop of Portland in Or., 661 F.3d 417, 425 (9th Cir. 2011) ("a court must still

6    consider whether redacting portions of the discovery material will nevertheless allow

7    disclosure.").  "[I]f the court decides to seal certain judicial records, it must . . . articulate the

8    factual basis for its ruling, without relying on hypothesis or conjecture.' "  Kamakana, 447 F.3d at

9    1179 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)); see also Apple Inc. v.

10   Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

11                                              **III.**

12                                        **DISCUSSION**

13          Plaintiff requests to seal Exhibit C to the complaint for tax refund (bates-stamped as pages

14   6–47) filed in this action on August 16, 2022, which consists of a true and correct copy of the "As

15   Amended" 2015 U.S. Individual Income Tax Return (Form 1040) previously filed by Plaintiff, on

16   behalf of Robert Robson (deceased Sept. 26, 2015) and Sharleen Robson (deceased Feb. 19,

17   2019) (collectively, the "Robsons").  (ECF No. 11 at 2.)  Plaintiff proffers the bases for sealing

18   the documents is that (1) virtually all of the information reported in the tax return is personal and

19   confidential, and the portion relating to the Robsons' farming, processing, and marketing business

20   includes confidential business information relating to the Robsons' vertically-integrated farming,

21   processing, and marketing businesses (both as sole proprietors and as partners in various

22   vertically-integrated farming, processing, and marketing partnerships), none of which is in the

23   public domain, and which includes trade secrets of the Robsons and their closely-held, private

24   businesses; (2) the Robsons were successful farmers of the commodities grown, processed, and

25   marketed by them, in a highly competitive field; and (3) since the Robsons' vertically-integrated

26   farming, processing, and marketing businesses have continued subsequent to their deaths, public

27   disclosure of this confidential business information would be of great interest to competing

28   farmers, processors, and/or marketers of the commodities grown, processed, and marketed by the

                                                   4

Robsons, as well as their past, existing, and potential customers, and would be detrimental to the Robsons' continuing vertically-integrated farming, processing, and marketing businesses.  (Id. at 2–3.)  Plaintiff further proffers that, because nearly the entirety of the tax return contains such confidential information, redaction in this instance would be impracticable.  (Id. at 3.)  Plaintiff further maintains the identified documents should be filed under seal because they comprise a "return" pursuant to 26 U.S.C. § 6103(b)(1), contain confidential "taxpayer return information," 26 U.S.C. § 6103(b)(3), and moreover the pages Plaintiff seeks to file under seal constitute the supportive documents to the Robsons' Amended U.S. Individual Income Tax Return (Form 1040X) that is the subject of Plaintiff's claim for refund in this case.  (Id.)  Meanwhile, Plaintiff proffers the two items on the tax return that are at issue in the instant litigation have been fully described in the complaint (ECF No. 1 ¶¶ 16, 17), the 2015 Form 1040X itself is being filed without a request to seal, and together with the allegations in the complaint, contain all of the information that is reasonably necessary to fully apprise the public as to the nature of and basis for Plaintiff's claim for refund.  (ECF No. 11 at 4.)  Finally, Plaintiff avers that maintaining the confidentiality of the Robsons' taxpayer return information is consistent with his fiduciary duties to the beneficiaries of the Robson Family Living Trust.  (Id.; Smith Decl. ¶¶ 25–26.)

Having reviewed the proposed documents, supporting papers and the file, the Court is satisfied at this time that good cause exists to grant the request to seal Exhibit C.  The documents Plaintiff seeks to file under seal are not part of a discovery motion, but are part of an exhibit to the complaint and support Plaintiff's claim in the instant action.  They are therefore directly, not tangentially, related to Plaintiff's claim.  Accordingly, the compelling reasons standard applies here.  See Auto Safety, 809 F.3d at 1096–97.

As noted, Plaintiff argues the Robsons' tax return documents at Exhibit C contain both personal identifying information that constitutes confidential "taxpayer return information," as well as confidential business information relating to the Robsons' vertically-integrated farming, processing, and marketing businesses which is not in the public domain, and includes trade secrets of the Robsons' closely-held, private businesses.  Based on aforementioned authorities, the Court finds both reasons are sufficiently "compelling" to outweigh the public's interest in

disclosure and justify sealing the tax return-related records at this time.  <u>Kamakana</u>, 447 F.3d at 1179; <u>Nixon</u>, 435 U.S. at 597–98 & n.7; <u>Apple Inc.</u>, 727 F.3d at 1221–22, 1225.

Further, to the extent the majority of information inputted into Exhibit C's tax return documents constitutes confidential personal information and business-relating information averred by Plaintiff to constitute trade secrets to Robsons' vertically-integrated farming, processing, and marketing businesses, the Court is satisfied that Plaintiff has demonstrated the request to seal is sufficiently narrowly tailored and the Court is persuaded at this juncture that redacting the document would be impractical and not leave any meaningful information available to the public.  <u>Foltz</u>, 331 F.3d at 1137; <u>Roman Catholic Archbishop of Portland</u>, 661 F.3d at 425. Thus, Plaintiff's request to seal Exhibit C shall be granted.

Plaintiff's supporting declaration, and the full request to seal submitted to the Court with Plaintiff's unredacted Exhibit C but not filed on the docket, however, do not appear to contain the same confidential information, and the Court notes Plaintiff has not submitted argument in the instant request that these documents also be filed under seal.  Therefore, Plaintiff shall be directed to file his moving and supporting papers related to the request to seal.  Finally, the Court notes because Defendants have not yet appeared in this action, they have not had a meaningful opportunity to oppose the instant request.  To that end, the Court notes it will entertain any motion to unseal documents once Defendants appear in this matter, should they choose to submit such a filing.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to seal Exhibit C (ECF No. 11) is GRANTED;

2.  Plaintiff's Exhibit C to the complaint (ECF No. 1.), shall be FILED UNDER SEAL and shall REMAIN UNDER SEAL until further order of the Court;

3.  Plaintiff shall e-mail Exhibit C to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141 within **three (3) days** of the date of entry of this order; and

4.      Plaintiff shall file his full request to seal documents and supporting declaration in this matter, as they are not entitled to be filed under seal.

IT IS SO ORDERED.

Dated:  __**August 18, 2022**__

UNITED STATES MAGISTRATE JUDGE

7